UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Allen Craig Sullivan, | ) | |
| --- | --- | --- |
| | ) | C/A No. 8:12-2564-TMC-KFM |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **REPORT AND** |
| Center Mfg, Inc.; HR Manager Robert Dorran, | ) | **RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court upon the failure of Allen Craig Sullivan ("Plaintiff") to respond to a court order (doc. 8). In his complaint, Plaintiff, who is proceeding *pro se*, alleges employment discrimination. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, all pretrial matters in *pro se* cases are referred to a United States Magistrate Judge for consideration.

By order dated September 18, 2012, Plaintiff was given an opportunity to provide the necessary information and paperwork to bring his case into proper form for evaluation and possible service of process. *See In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007). Plaintiff was warned that failure to provide the necessary information within the timetable set in the order would subject the case to dismissal. Plaintiff did not respond to the order, and the time for response lapsed on October 12, 2012. Plaintiff has failed to prosecute this case and comply with an order of this Court.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *See Ballard*

*v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989); *see also Link v. Wabash Railroad Company*, 370 U.S. 626 (1962). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
> (2) the amount of prejudice to the defendant caused by the delay;
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, Plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through Plaintiff's decision, and not that of an attorney, that no response has been filed. The defendants cannot be served without Plaintiff providing correctly completed service documents, which Plaintiff has not provided. Plaintiff was warned that failure to respond to the order within the specified time would subject his case to dismissal. Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action at this time. Accordingly, it is recommended that the complaint be dismissed *without prejudice*.

s/ Kevin F. McDonald
United States Magistrate Judge

October 22, 2012
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).