UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Allen Craig Sullivan, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 8:12-2564-TMC |
| ) | |
| vs. ) | ORDER |
| ) | |
| Center Manufacturing, Inc.; ) | |
| Human Resources Manager Robert ) | |
| Dorran, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, Allen Craig Sullivan (Sullivan), proceeding pro se, filed his complaint on September 5, 2012, alleging employment discrimination. (Dkt. No. 1.) On September 18, 2012, the magistrate judge ordered Sullivan to submit the necessary information and paperwork to bring his case into proper form for evaluation and service of process, and warned him that failure to do so before October 12, 2012, could result in dismissal.[1] (Dkt. No. 8.) The court mailed Sullivan that order, along with interrogatories regarding whether or not Sullivan had filed a complaint with either the Equal Employment Opportunity Commission or the South Carolina Human Affairs Commission and completed the administrative process. (Dkt. No. 8-1.) Sullivan failed to respond to the order and the interrogatories within the stated timeframe.

This matter is now before the court on the magistrate judge's Report and Recommendation (Report)[2] (Dkt. No. 14), recommending dismissal pursuant to Federal Rule of Civil Procedure 41(b), and Sullivan's objections to the Report (Dkt. No. 18), citing illness and

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), all pretrial matters in pro se cases are referred to a United States Magistrate Judge.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

unemployment as reasons for his lack of response. For the reasons stated below, the court adopts the Report and dismisses Sullivan's complaint without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss a complaint for failure to prosecute and/or failure to comply with a court order. Fed. R. Civ. P. 41(b); s*ee Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders.") (citing Fed. R. Civ. P. 41(b)); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (finding that the district court had authority under Rule 41(b) to dismiss the case with prejudice, on its own motion, for failure to prosecute).

In deciding whether to dismiss a case under Rule 41(b), the court must consider the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice the delay caused the defendant; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness and availability of less drastic sanctions. *See Davis*, 588 F.2d at 70 (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). However, those four factors "are not a rigid four-prong test." *Ballard*, 882 F.2d at 95. Rather, the propriety of this type of dismissal "depends on the particular circumstances of the case." *Id.*

Additionally, while pro se litigants are entitled some deference from the courts, *see, e.g*. *Haines v. Kerner*, 404 U.S. 519 (1972), they are still subject to the requirements of timeliness and respect for court orders "without which effective judicial administration would be impossible," *Ballard*, 882 F.2d at 96.

In this case, while the court is certainly sympathetic to Sullivan's situation, because he is proceeding pro se, Sullivan is solely responsible for his own failure to respond to the court's interrogatories and failure to comply with the court's order. The order provided fair warning that failure to respond in a timely manner could result in dismissal, and Sullivan would have done well to heed that warning.

As for the other factors, the court does not find any prejudice to the defendant, who has yet to be served, or history of proceeding in a dilatory manner. Also, the court views its decision to dismiss without prejudice as the less drastic sanction than dismissing with prejudice taken by many other courts in similar cases.

Accordingly, after carefully reviewing Sullivan's complaint and objections, the court adopts the Report and orders that plaintiff's complaint (Dkt. No. 1) be dismissed without prejudice.

IT IS SO ORDERED.

s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 5, 2012